UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DALTON HINTZ,

*Plaintiff,*

*v.* Case No. 3:26-cv-1028

COOPER LANGE, FRANCIS BALDERSTON,
GARRETT HRUBESCH, IZAIAH CAYA,
LUCAS KUBINA, CODY NELSON,
AND DANIELLE ROBINSON,

*Defendants.*

---

# COMPLAINT

---

Plaintiff Dalton Hintz, by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. In May 2024, Defendant Cooper Lange, then a lieutenant at Columbia Correctional Institution, attacked Plaintiff Dalton Hintz, a prisoner there.

2. Lange threw Hintz against a door, took him to the ground, tased him, and kneed him multiple times in the stomach.

3. Lange lost his job, was charged with a felony by the Columbia County District Attorney's Office and eventually entered a no-contest plea to the felony charge.

4. The other named Defendants in this case, participated in, assisted, or stood by and failed to intervene to prevent the violations of Hintz's constitutional rights.

## JURISDICTION AND VENUE

5. Hintz brings this lawsuit under 42 U.S.C. § 1983 to redress the deprivation, under color of law, of his constitutional rights.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

7. Venue is proper under 28 U.S.C. § 1391(b)(2). The events giving rise to these claims occurred at Columbia Correctional Institution, within this judicial district.

## PARTIES

8. Plaintiff Dalton Hintz is a resident of the State of Wisconsin.

9. Defendant Cooper Lange was, at the time of the occurrence, employed by the Wisconsin Department of Corrections (DOC) as a correctional lieutenant at Columbia Correctional Institution.

10. Defendant Lange engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

11. Defendant Francis Balderston was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional sergeant at Columbia Correctional Institution.

12. Defendant Balderston engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

13. Defendant Garrett Hrubesch was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional lieutenant at Columbia Correctional Institution.

14. Defendant Hrubesch engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

15. Defendant Izaiah Caya was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional officer at Columbia Correctional Institution.

16. Defendant Caya engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

17. Defendant Lucas Kubina was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional officer at Columbia Correctional Institution.

18. Defendant Kubina engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

19. Defendant Cody Nelson was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional officer at Columbia Correctional Institution.

20. Defendant Nelson engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the State of Wisconsin.

21. Defendant Danielle Robinson was, at the time of the occurrence, employed by the Wisconsin DOC as a correctional officer at Columbia Correctional Institution.

22. Defendant Robinson engaged in the conduct complained of while she was on duty and in the course and scope of her employment with the State of Wisconsin.

23. Defendants Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson are sued in their individual capacities.

## FACTS

24. On May 23, 2024, Plaintiff Dalton Hintz was incarcerated in Columbia Correctional Institution.

25. Hintz started a fire inside his cell.

26. Defendants Lange, Balderston, and Robinson were among the correctional staff who responded to Hintz's cell door.

27. Staff ordered Hintz to the back of his cell, and Hintz complied.

28. Staff extinguished the fire.

29. Lange ordered Hintz to place his hands through his cell's trap door so correctional staff could handcuff him.

30. Hintz complied.

31. Correctional officers escorted Hintz down the hall. Lange ordered Hintz to face forward.

32. Hintz complied.

33. Hintz was cooperative with staff and continued to face forward as they escorted him down the hall.

34. Lange again ordered Hintz to face forward. Hintz replied, "I am facing forward, dumbass."

35. Hintz then made a face at a different staff member.

36. Lange again ordered Hintz to face forward and simultaneously shoved Hintz into the housing unit's glass doors, pinned him against the wall, and forced Hintz to the ground.

37. Hintz never resisted or fought back, including during the ensuing assault.

38. Multiple correctional officers piled on top of Hintz.

39. Hrubesch, Caya, Kubina, and Nelson were either actively involved in restraining Hintz or in observing other Defendants doing so.

40. While Hintz lay on the ground with officers on top of him, Lange tased him.

41. Several correctional officers then lifted Hintz from the floor and strapped him into a restraint chair.

42. Robinson placed a spit mask over Hintz's face.

43. Balderston lifted Hintz up off the chair while restraining him, so Hintz could not sit properly in the chair. This caused Hintz's neck to elongate and forced Hintz to arch his back.

44. Lange then ordered Hintz to "sit all the way back into the chair."

45. Hintz told Lange, "I can't bro, you got my, you got my neck."

46. Lange then yelled, "Sit all the way back now, sit all the way back!" and kneed Hintz in the stomach multiple times.

47. Robinson, Balderston, Hrubesch, Caya, Kubina, and Nelson were either actively involved in restraining Hintz or in observing other Defendants doing so.

48. Before Lange began assaulting Hintz with knee strikes, Hintz was secured in the restraint chair with two belts fastened over Hintz's upper body, another belt secured around Hintz's legs/feet, and Hintz's hands were secured behind his back with handcuffs.

49. Hintz then told the correctional officers, "I need HSU and I need them now."

50. Lange responded, "you're going to wait."

51. Hintz then told the correctional officers, "my neck hurts so bad," "please someone help me."

52. Hintz vomited with the spit mask still secured around his face, and he began convulsing.

53. Hintz told the correctional officers that he couldn't breathe.

54. Robinson, Balderston, Hrubesch, Caya, Kubina, and Nelson heard Hintz ask for medical care and heard Lange tell Hintz that he was going to have to wait.

55. Robinson, Balderston, Hrubesch, Caya, Kubina, and Nelson observed Hintz vomit into his spit mask and heard Hintz ask for help.

56. A correctional staff member attempted to remove the spit mask so Hintz wouldn't choke on his vomit, but Lange ordered them not to.

57. As Hintz continued to deteriorate, another correctional officer began sternum rubs on Hintz—a painful stimulus used to rouse someone who is losing consciousness—and begged Hintz to "stay with us, bud."

58. Hintz vomited again and told staff that he couldn't breathe.

59. Hintz told staff he was worried he might die.

60. Eventually, Lange took Hintz to the Health Services Unit.

61. Afterward, an investigation was conducted by the Columbia County Sheriff's Office.

62. That investigation concluded that "during the entire time leading up to and during Lieutenant Lange delivering the knee strikes, Inmate Hintz never was physically resistive or assaultive."

63. The investigation further found that just before Lange deployed his taser "Inmate Hintz is seen laying on the ground, not moving, with four correctional officer staff members stabilizing him, two of the officers can be observed on top of Inmate Hintz."

64. The investigator also wrote, after watching the video footage, "At no time does it appear that Inmate Hintz is physically resistive or assaultive to any staff members."

65. The investigator referred felony charges to the Columbia County District Attorney's Office.

66. Lange is no longer employed at Columbia Correctional Institution or elsewhere within the Department of Corrections.

67. Lange was charged with and pleaded no contest to misconduct in public office in exchange for a deferred adjudication agreement in *State of Wisconsin v. Cooper J. Lange*, Columbia County Case No. 2025CF0024.

68. As a direct and proximate result of the acts of Defendants Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson, as detailed above, Plaintiff suffered, *inter alia,* bodily injury, pain, suffering, mental distress, humiliation, fear, and anguish.

## COUNT 1:
## 42 U.S.C. § 1983 Claim for Excessive Force and Failure to Intervene

69. Plaintiff realleges the above paragraphs.

70. The intentional actions of Defendants Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson in assaulting Hintz while Hintz was not resisting were unjustified and unnecessary uses of excessive force against Hintz.

71. In the alternative, Defendants Hrubesch, Caya, Kubina, and Nelson failed to intervene in a constitutional violation they knew was occurring and could have stopped.

72. Lange, Balderston, and Robinson intentionally used force on Hintz.

73. Lange, Balderston, and Robinson did so to harm Hintz, not to maintain or restore security or order.

74. Lange, Balderston, and Robinson harmed Hintz.

75. Lange unlawfully threw Hintz against a door.

76. Lange unlawfully took Hintz to the ground.

77. Lange unlawfully tased Hintz.

78. Lange unlawfully struck Hintz.

79. Lange unlawfully ordered another officer not to remove Hintz's spit mask.

80. Robinson unlawfully placed a spit mask on Hintz.

81. Balderston unlawfully restrained Hintz in a way to intentionally cause Hintz pain.

82. Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson acted under color of state law.

83. These actions violated Hintz's rights under the Eighth Amendment to the United States Constitution. Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson are thus liable through 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants and, because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## COUNT 2:
## 42 U.S.C. § 1983 Claim for Deliberate Indifference and Failure to Intervene

84. Plaintiff realleges the above paragraphs.

85. Hintz's need for medical attention was obvious after being tased, kneed in the stomach, and choking as he vomited with a spit mask secured on his face, and began convulsing.

86. Defendants Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson were also aware that Hintz needed medical attention because Hintz repeatedly told them so.

87. Hintz's medical needs were objectively serious. Defendants Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson were subjectively aware of those needs and deliberately disregarded them.

88. Defendants Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson had a realistic opportunity to prevent the harm to Hintz but failed to intervene and stop correctional officers from violating Hintz's constitutional rights.

89. Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson acted under color of state law.

90. These actions violated Hintz's rights under the Eighth Amendment to the United States Constitution. Lange, Balderston, Hrubesch, Caya, Kubina, Nelson, and Robinson are thus liable through 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. §§ 1983 & 1988, Plaintiff demands actual or compensatory damages against Defendants and, because they acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff Hintz demands a trial by jury under FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: October 14, 2026,

/s/ R. Rick Resch

R. Rick Resch
Wisconsin Bar No. 1117722
John H. Bradley
Wisconsin Bar No. 1053124
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
Rick@StrangBradley.com
John@StrangBradley.com

Attorneys for Plaintiff